UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RICHARD A. ROTH and NELIDA ROTH,                08 CV 5649 (JES)(GWG)

Plaintiffs,                                **VERIFIED ANSWER**

-against-

DELTA AIR LINES, INC. and RALPH DAMOUR,

Defendants.

-------------------------------------------------------------------X

The Defendant, DELTA AIR LINES, INC. ("DELTA"), answering the Complaint of

RICHARD A. ROTH and NELIDA ROTH ("Plaintiffs") by its attorneys Quirk and Bakalor,

P.C., respectfully alleges the following upon information and belief:

## PARTIES

1.      Denies knowledge and information sufficient to form a belief as to the

allegations contained in the paragraph numbered "1" of the Plaintiffs' Complaint and

respectfully refers all matters of law contained therein to the Court.

2.      Denies knowledge and information sufficient to form a belief as to the

allegations contained in the paragraph numbered "2" of the Plaintiffs' Complaint and

respectfully refers all matters of law contained therein to the Court.

3.      Denies the allegations contained in the paragraph numbered "3" of the

Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court,

except admits Delta is a Delaware Corporation with its headquarters in Atlanta, Georgia, and is

certified by the Department of Transportation to engage in interstate and international

transportation and does operate such flights from facilities located at John F. Kennedy

International Airport in Queens, New York.

4.    Admits the allegations contained in paragraph numbered "4" of the Plaintiffs' Complaint.

## FACTS

5.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "5" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

6.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "6" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

7.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "7" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

8.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "8" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

9.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "9" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

10.    Denies the allegations contained in the paragraph numbered "10" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court, except admits the Plaintiffs were advised, in sum and substance, that the flight had been dispatched.

11.    Denies the allegations contained in the paragraph numbered "11" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court, except admits the Plaintiffs were advised, in sum and substance, that the flight had been dispatched.

12.    Denies the allegations contained in the paragraph numbered "12" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court, except admits the Plaintiffs were advised, in sum and substance, that the flight had been dispatched.

13.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "13" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

14.    Denies the allegations contained in the paragraph numbered "14" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

15.    Denies the allegations contained in the paragraph numbered "15" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court, except admits the Plaintiffs were advised, in sum and substance, that the flight had been dispatched.

16.    Denies the allegations contained in the paragraph numbered "16" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

17.    Denies the allegations contained in the paragraph numbered "17" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

18.    Denies the allegations contained in the paragraph numbered "18" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

19.     Denies the allegations contained in the paragraph numbered "19" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

20.     Denies the allegations contained in the paragraph numbered "20" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

21.     Denies the allegations contained in the paragraph numbered "21" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

22.     Denies the allegations contained in the paragraph numbered "22" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

23.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "23" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

24.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "24" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

25.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "25" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

26.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "26" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

27.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "27" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

28.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "28" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

29.    Denies the allegations contained in the paragraph numbered "29" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

30.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "30" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

31.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "31" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

32.    Denies the allegations contained in the paragraph numbered "32" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

33.    Denies the allegations contained in the paragraph numbered "33" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

34.    Denies the allegations contained in the paragraph numbered "34" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

35.    Denies the allegations contained in the paragraph numbered "35" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

36.    Denies the allegations contained in the paragraph numbered "36" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

37.    Denies the allegations contained in the paragraph numbered "37" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

38.     Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "38" of the Plaintiffs' Complaint.

39.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "39" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

40.     Denies the allegations contained in the paragraph numbered "40" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

41.     Denies the allegations contained in the paragraph numbered "41" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## BREACH OF GOOD FAITH AND FAIR DEALING

42.     Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "42" of the Plaintiffs' Complaint.

43.     Denies the allegations contained in the paragraph numbered "43" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

44.     Denies the allegations contained in the paragraph numbered "44" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

45.     Denies the allegations contained in the paragraph numbered "45" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

46.     Denies the allegations contained in the paragraph numbered "46" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE

47.     Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "47" of the Plaintiffs' Complaint.

48.     Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "48" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

49.     Denies the allegations contained in the paragraph numbered "49" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

50.     Denies the allegations contained in the paragraph numbered "50" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

51.     Denies the allegations contained in the paragraph numbered "51" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

52.     Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "52" of the Plaintiffs' Complaint.

53.     Denies the allegations contained in the paragraph numbered "53" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

54.    Denies the allegations contained in the paragraph numbered "54" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

55.    Denies the allegations contained in the paragraph numbered "55" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

56.    Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "56" of the Plaintiffs' Complaint.

57.    Denies the allegations contained in the paragraph numbered "57" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

58.    Denies the allegations contained in the paragraph numbered "58" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

59.    Denies the allegations contained in the paragraph numbered "59" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION
## INTENTIONAL TORT

60.    Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "60" of the Plaintiffs' Complaint.

61.    Denies the allegations contained in the paragraph numbered "61" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

62.     Denies the allegations contained in the paragraph numbered "62" of the plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

63.     Denies the allegations contained in the paragraph numbered "63" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION
## IMPLIED CONTRACT

64.     Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "64" of the Plaintiffs' Complaint.

65.     Denies the allegations contained in the paragraph numbered "65" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

66.     Denies the allegations contained in the paragraph numbered "66" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

67.     Denies the allegations contained in the paragraph numbered "67" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

68.     Denies the allegations contained in the paragraph numbered "68" of the Plaintiffs' Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A FIRST DEFENSE

69.     The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

70.     The Plaintiffs' action arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted

in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention"), or its predecessor treaty, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C. § 40105 ("Warsaw Convention"). The Montreal Convention (or Warsaw Convention) exclusively governs the Plaintiffs' rights and remedies in this action, and preempts the common law claims alleged in the Plaintiffs' Complaint.

### AS AND FOR A THIRD DEFENSE

71.    The Defendant, Delta, avails itself of all defenses available to it under the Montreal Convention (or Warsaw Convention) including, but not limited to, the defenses set forth in Article 19.

### AS AND FOR A FOURTH DEFENSE

72.    That if any of Plaintiffs' claims relate to rates, routes or services as set forth in the 1978 Airlines Deregulation Act, 49 U.S.C. § 41713(b)(1), then Plaintiffs' claims are preempted by same.

### AS AND FOR A FIFTH DEFENSE

73.    The Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, 49 U.S.C. §§ 40101 *et seq*., and the regulations promulgated thereunder implicitly preempt any State law standard that purports to govern aviation safety, equipment, and operational standards.

### AS AND FOR A SIXTH DEFENSE

74.    The Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

### AS AND FOR A SEVENTH DEFENSE

75.    The Plaintiffs may have failed to mitigate their damages.

## AS AND FOR AN EIGHTH DEFENSE

76.     The actions or omissions of the Defendant, Delta, are not the proximate cause of any injury or damages allegedly sustained by Plaintiffs.

## AS AND FOR A NINTH DEFENSE

77.     The Plaintiffs' alleged damages were caused by the unforeseeable, intervening and/or superseding acts of third parties for which the Defendant, Delta, is not responsible.

## AS AND FOR A TENTH DEFENSE

78.     That if any of the injuries or damages allegedly sustained by the Plaintiffs were caused in whole or in part by the culpable conduct of, and/or assumption of risk by Plaintiffs, then the Defendant, Delta, respectfully demands that the amount of damages which may be recoverable by Plaintiffs be diminished in the proportion which Plaintiffs' culpable conduct and/or assumption of risk bears to the culpable conduct which caused the damages.

## AS AND FOR AN ELEVENTH DEFENSE

79.     Pursuant to Article 16 of New York Civil Procedure Law and Rules the Defendant, Delta, hereby demands that the liability, if any, of the Defendant be limited to the equitable share of the Defendant determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability for non-economic loss.  If Defendant's liability is found to be fifty percent or less of total liability assigned to all liable persons due to the Plaintiffs' failure to join a necessary tortfeasor, the Plaintiff's non-economic recovery shall be limited to the percentage of Defendant's liability.

## AS AND FOR A TWELFTH DEFENSE

80.     Any past or future cost or expense incurred or to be incurred by the Plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other

economic loss, was or will be within reasonable certainty be replaced or indemnified in whole or in part for collateral sources such as defined in Section 4545(c) of the New York Civil Practice Law and Rules and, if any, damages are recoverable against the answering Defendant, the amount of such damages shall be reduced by the amount of benefits which the Plaintiff has or will receive from such collateral source.

<b><u>AS AND FOR A THIRTEENTH DEFENSE</u></b>

81.    That the use of State law to contradict or supplement federal aviation legislation and the regulations promulgated thereunder would be an unconstitutional burden on interstate air commerce.

The Defendant, Delta Air Lines, Inc., hereby reserves the right to add additional defenses as based on information obtained during investigation or discovery.    Nothing contained herein shall be deemed to impose upon Defendant any burden of proof not imposed by applicable substantive law.

**WHEREFORE**, the Defendant, Delta Air Lines, Inc., demands judgment dismissing the Plaintiffs' Complaint together with such costs and disbursements of this action, plus all attorneys' fees and all other costs herein.

Dated: New York, New York
    August 15, 2008

QUIRK AND BAKALOR, P.C.

By: _Brian P. Sexton_

Brian P. Sexton, Esq. (BPS 2883)
*Attorneys for Defendant*
DELTA AIR LINES, INC
845 Third Avenue, 15th Floor
New York, New York  10022
(212) 319-1000

TO:    Richard A. Roth, Esq.
         Jordan M. Kam, Esq.
         *Attorneys for Plaintiffs*
         THE ROTH LAW FIRM, PLLC
         545 Fifth Avenue, Suite 960
         New York, New York 10017
         (212) 542-8882

**ATTORNEY VERIFICATION**

BRIAN P. SEXTON, an attorney admitted to practice in the courts of the State of New York hereby affirms under the penalties of perjury:

I am a member of the law firm QUIRK AND BAKALOR, P.C., attorneys for defendant, **DELTA AIR LINES, INC.**

I have read the foregoing **VERIFIED ANSWER** and know the contents thereof to be true, to my knowledge, except as to those matters alleged to be upon information and belief, which matters I believe to be true.

This verification is made by your affiant because defendant resides outside of the county in which your affiant's office is located.

Dated: New York, New York
      August 15, 2008

                                                BRIAN P. SEXTON, ESQ.

has been compared by me with the original and found to be a true and complete copy.

state that I am

the attorney(s) of record for                                                                                in the within

action; I have read the foregoing                                                                and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.....................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF                                  ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**   in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**   the                                  of

a                                                                corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.....................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF   New York   ss.:   (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Bronx, N.Y.

August 15, 2008                                        **Verified Answer**

I served the within

☒ **Service By Mail**   by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual**   by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means**   by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service**   by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Richard A. Roth, Esq.
Jordan M. Kam, Esq.
Attorneys for Plaintiffs
THE ROTH LAW FIRM, PLLC
545 Fifth Avenue, Suite 960
New York, New York
(212) 542-8882

DANIEL B. BRUNK
Notary Public, State of New York
No. 02BR6183547
Qualified in New York County
Commission Expires March 17, 20 12

*Alena Trimiar*
.....................................................
*The name signed must be printed beneath*

Sworn to before me on

August 15, 2008                        Alena Trimiar

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                      08 CV 5649 (JES)(GWG)

RICHARD A. ROTH and  NELIDA ROTH,

Plaintiff,

-against-

DELTA AIR LINES, INC. and RALPH DAMOUR,

Defendant.

## VERIFIED ANSWER

## QUIRK AND BAKALOR, P.C.

Defendant
*Attorney(s) for* DELTA AIR LINES, INC.

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To                                                          Signature (Rule 130-1.1-a)

_____
Print name beneath


Service of a copy of the within is hereby admitted.

Attorney(s) for                                            Dated: _____

### PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                            of which the within is a true copy
will be presented for settlement to the HON.           one of the judges of the
within named Court, at
on                                  at            M.

Dated,

Yours, etc.

## QUIRK AND BAKALOR, P.C.